42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BEAVERTON TOYOTA CO. INC., an Oregon Corporation, Plaintiff-Appellant,
v.
TOYOTA MOTOR DISTRIBUTORS INC., a California Corporation,
Defendant-Appellee.
 No. 93-35393.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Decided Nov. 28, 1994.
 
 Before: FLETCHER, D.W. NELSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 When Toyota Motor Distributors, Inc. gave notice of its intention to close an open point in Hillsboro, left unfilled for several months after Northwest Toyota, Inc. went out of business, Beaverton Toyota Co., Inc. filed suit and sought an injunction pursuant to Or.Rev.Stat. Sec. 650.150. Section 650.150 permits an existing dealer to enjoin a distributor from franchising "an additional motor vehicle dealership of the same line-make within the dealer's relevant market area for good cause." The district court entered summary judgment in favor of Toyota, determining that the proposed new dealership, Royal Moore Toyota, was a "replacement" dealership, not an "additional" dealership, and thus that Sec. 650.150 did not apply. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we reverse.
 
 
 3
 * We first consider Toyota's motion for "partial dismissal" of Beaverton's appeal on the grounds of mootness insofar as Beaverton seeks relief from the district court's order lifting a TRO and dismissing Beaverton's motion for a preliminary injunction as moot. Toyota argues that because Beaverton failed to obtain a stay pending appeal, and Royal is already in place, no effective relief can now be granted. Beaverton argues that its entitlement to injunctive relief is not before this court on appeal, as the district court did not reach its request for relief on the merits.
 
 
 4
 We hold that Beaverton's appeal is not moot, as the parties agree that Beaverton's entitlement to monetary damages under Or.Rev.Stat. Sec. 650.170(2) depends upon the construction of Sec. 650.150. As we disagree with how the district court construed Sec. 650.150 and reverse on that issue, we leave it to that court on remand to consider the extent to which, if at all, Beaverton's request for equitable relief is moot.
 
 II
 
 5
 Beaverton argues that under the plain language of Sec. 650.150,[1] Royal must be an "additional" dealership as there was no existing Toyota dealership at the Hillsboro point; Toyota counters that simply filling an open point vacated by a prior dealer cannot create an "additional" dealership, but rather amounts only to a "replacement." The statute provides for enjoining a distributor from franchising "an additional motor vehicle dealership" within an existing dealer's market area. "Dealership," in turn, means "the location" from which a dealer sells new motor vehicles. Sec. 650.120(2). Therefore, Sec. 650.150 comes into play if Toyota proposes to grant the right to sell new vehicles at an additional location in Beaverton's relevant market. Secs. 650.120(1) (defining "dealer"), (2) (defining "dealership"), and (4) (defining "franchise").
 
 
 6
 When interpreting statutes, Oregon courts are "simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted." Or.Rev.Stat. Sec. 174.010. Legislative history is not to be considered unless the statute is ambiguous or inexact, or if following the literal words of the statute would lead to an absurd result. Portland Gen. Elec. Co. v. Bureau of Labor and Indus., 859 P.2d 1143, 1146 (Or.1993).
 
 
 7
 Section 650.150 refers to "new franchise," "additional dealership," and "new or relocated dealership," but not to "replacement" dealers or franchises. Thus, on its face, the statute does not admit of Toyota's interpretation.
 
 
 8
 By the same token, Sec. 650.150 does not define what "new" or "additional" dealership, or location, means. If the relevant market is determined by reference to the dealerships or locations, from which Toyotas were sold when Northwest was in business, then Royal's dealership may not be "additional." If, however, the market is viewed as of the time Toyota gave Beaverton notice of its intention to appoint Royal, then Royal's dealership is "additional" because there was no one selling new Toyotas at that location. Since the statute requires notice prior to franchising a "new dealership" or, put another way, a new location, and before authorizing the "relocation of another dealership," Sec. 650.150(4), it must contemplate a snapshot of where dealerships are in place as of the time that notice is given. Sec. 650.150(1) accordingly applies to any "new" or "additional" location without regard to whether the proposed dealer replaces a dealer that closed at some other location.
 
 
 9
 Toyota argues that failing to exempt replacement dealers invites an absurd result because an existing dealer could seek to enjoin the appointment of a replacement dealer even when the new franchising was to take place as soon as the former dealer's franchise is terminated. It is concerned that this would adversely affect service to consumers, and give existing dealers a lock on the market. We acknowledge the force of these concerns, but as we read Sec. 650.150, they are subsumed within the discretionary nature of the relief afforded by Sec. 650.150(1) and (3). The complaining dealer must show good cause to enjoin the distributor from franchising an additional dealership. In determining whether good cause exists, the court is to consider a number of factors including whether the proposed dealership will cause an unjustifiable adverse effect on existing dealers, the extent, nature and permanency of the investment of the existing dealers and the proposed dealer, the effect on consumers, the adequacy and convenience of existing sales and service facilities, and the existence of competition among existing dealers. Secs. 650.150(3)(c), (d). Thus, to the extent that Royal is a replacement for Northwest, as Toyota asserts, Beaverton's burden of showing good cause will be correspondingly difficult to meet.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 650.150 was amended November 4, 1993 to define a "replacement dealer" and to permit existing dealers to enjoin enfranchising replacement dealers under certain circumstances. However, the 1993 amendments do not apply to Beaverton's claim